OPINION
{¶ 1} On April 13, 2005, appellant, Carlton Stoughton, filed a complaint for "partnership accounting" against appellee, Cecilia Ryan, in the Court of Common Pleas of Fairfield County, Ohio. By entry filed July 12, 2006, the trial court dismissed the complaint, finding it lacked in rem jurisdiction over the "partnership" and property in question, lacked personal jurisdiction over the parties as they were both residents of the state of Florida, and venue was improper in Fairfield County.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS' DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING THAT THERE IS NO VENUE IN FAIRFIELD COUNTY, OHIO."
 II {¶ 4} "THE TRIAL COURT ABUSED ITS' DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING THAT THERE IS NO JURISDICTION OVER PARTNERSHIP PROPERTY."
 III {¶ 5} "THE TRIAL COURT ABUSED ITS' DISCRETION AND ERRED AS A MATTER OF LAW IN FINDING THAT THERE IS NO JURISDICTION OVER PLAINTIFF OR DEFENDANT."
 {¶ 6} Although appellee did not file a cross-appeal, she included the following cross-assignments of error in her appellate brief:
 CROSS-ASSIGNMENT OF ERROR I {¶ 7} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT RYAN'S MOTION FOR DEFAULT JUDGMENT."
 CROSS-ASSIGNMENT OF ERROR II {¶ 8} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT RYAN'S MOTION TO DISQUALIFY ATTORNEY STOUGHTON."
 CROSS-ASSIGNMENT OF ERROR III {¶ 9} "THE TRIAL COURT ERRED IN DISMISSING DEFENDANT RYAN'S COUNTERCLAIM FOR ABUSE OF PROCESS."
 I, II, III {¶ 10} Appellant's three assignments of error challenge the trial court's determination that it lacked in rem or personal jurisdiction, and venue did not attach in Fairfield County, Ohio. We agree with the trial court's decision.
 {¶ 11} In its entry filed July 12, 2006, the trial court concluded it had neither in rem jurisdiction nor personal jurisdiction over the parties:
 {¶ 12} "A review of the pleadings in this matter indicates that this matter is, at the very least, improperly venued — no transactions pleaded by Plaintiff's Complaint took place in Fairfield County, neither Plaintiff nor Defendant live in Fairfield County [or the State of Ohio], neither party has a principal place of business in Fairfield County, the Defendant has not conducted activity in Fairfield County which gives rise to Plaintiff's claim for relief nor is any real property which is the subject of this action situated in this county [or this state]."
 {¶ 13} Civ.R. 3 governs venue. Subsection (B) states in pertinent part:
 {¶ 14} "Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, `county,' as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:
 {¶ 15} "(1) The county in which the defendant resides;
 {¶ 16} "(2) The county in which the defendant has his or her principal place of business;
 {¶ 17} "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 {¶ 18} "(5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
 {¶ 19} "(6) The county in which all or part of the claim for relief arose; * * *
 {¶ 20} "(7) In actions described in Civ.R. 4.3, in the county where plaintiff resides;"
 {¶ 21} Civ.R. 4.3 states in pertinent part:
 {¶ 22} "Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. `Person' includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 23} "(1) Transacting any business in this state;
 {¶ 24} "(3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state;
 {¶ 25} "(6) Having an interest in, using, or possessing real property in this state;"
 {¶ 26} Based upon Civ.R. 3(B)(7) and Civ.R. 4.3, appellant properly argues that service, as well as venue, may be perfected over an out-of-state defendant in the county where the plaintiff resides, provided the requirements of Civ.R. 4.3 are met.
 {¶ 27} It is undisputed that appellee resides out-of-state, and the subject matter of the lawsuit arose as a result of the cohabitation of the parties in Franklin County, Ohio. The dispute for accounting arose in Franklin County as a result of the sale of the New Albany property, the Longboat Key, Florida property and the accounts, debts and assets incurred while the parties cohabitated in Franklin County. No where within the pleadings, including the complaint, is there any verification that appellant is a resident of Fairfield County, Ohio. In fact, the affidavit of appellant filed on June 26, 2006 was verified and attested to in the state of Florida.
 {¶ 28} Upon review, we find the trial court's interpretation of the record to be correct. No where is there any verification of appellant's place of residence.
 {¶ 29} Assignments of Error I, II and III are denied.
 CROSS-ASSIGNMENTS OF ERROR I, II, III {¶ 30} Appellee raises cross-assignments of error that are not only moot as a result of our decision in this opinion, but are also not properly before this court pursuant to App.R. 3(C).
 {¶ 31} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.